In re Conditional Admission of Applicant No. E00032, Christopher A. ATKINSON.

No. 94S00–1005–BL–266.

Supreme Court of Indiana.

July 6, 2010.

*PUBLISHED ORDER REVOKING CONDITIONAL LICENSE TO PRACTICE LAW*

Christopher A. Atkinson, Indiana Attorney Number 26769–41 ("Respondent"), was conditionally admitted to the Indiana bar on May 21, 2007. The Indiana State Board of Law Examiners ("Board") permitted his admission pursuant to a Consent Agreement, which Respondent signed on May 16, 2007, that conditioned Respondent's license to practice law on, among other things, his entering into a Monitoring Agreement with the Judges and Lawyers Assistance Program ("JLAP") and remaining in compliance with the terms of that Monitoring Agreement. The Consent Agreement, which was to remain in effect for a period of two years, also required Respondent to submit quarterly reports from JLAP to the Board by September 30, December 31, March 31, and June 30 demonstrating his compliance with the terms of the Consent Agreement and the Monitoring Agreement.

Less than three months after signing the Consent Agreement, Respondent placed his law license on "inactive" status, *see* Ind. Admission & Discipline Rule 2(c), and then sent a letter to the Board informing it that he had decided to place his license on inactive status and to withdraw from JLAP monitoring "based on economic necessity." On September 21, 2007, the Board denied Respondent permission to be relieved from his obligation to fulfill

JLAP's requirements and notified Respondent to that effect. Despite the Board's rejection of his plan, however, Respondent did not continue with his JLAP requirements or submit quarterly reports to the Board.

In the Spring of 2008, Respondent contacted JLAP about the possibility of reactivating his license and getting into compliance with the Monitoring Agreement, and on April 8, 2008, he sent a letter to the Board acknowledging his mistakes and seeking renewal of the Consent Agreement.

After consideration of his request, on June 17, 2008, the Board sent Respondent an "Amended Consent Agreement" offering to continue his conditional admission for an additional two years. Thereafter, however, Respondent never responded to the Board's offer, nor did he ever again contact JLAP to resume his fulfillment of his Monitoring Agreement.

Accordingly, on May 18, 2010, the Board filed a Petition with this Court seeking revocation of Respondent's conditional admission and asking this Court to prohibit Respondent from seeking for admission for a period of five years.

On June 17, 2010, Respondent filed a Response to the Board's Petition. His Response, however, does not contest any of the allegations contained in the Board's Petition. Rather, he asserts that he should be permitted to withdraw permanently from the practice of law.

On June 29, 2010, the Board filed a "Motion for Permission to Reply to Applicant's Response to Board's Petition." That motion is pending before us today.

Having considered the submissions of the parties, the Court finds that Respondent Christopher A. Atkinson, Indiana Attorney Number 26769–41, failed to abide by the terms of his conditional admission and, therefore, that his conditional admission should be, and therefore is, REVOKED, effective immediately. Respondent SHALL NOT SUBMIT a new application for admission to the Bar of Indiana for a period of five (5) years from the date of this order. The Court further finds that Respondent cannot avoid the revocation of his conditional admission by submitting an affidavit of permanent withdrawal; therefore, Respondent's Affidavit of Permanent Withdrawal is hereby REJECTED. Finally, the Board's "Motion for Permission to Reply to Applicant's Response to Board's Petition" is DENIED.

The Clerk is directed to provide notice of this order in accordance with Admission and Discipline Rule 23, § 3(d) and to provide the Clerk of the U.S. Court of Appeals for the Seventh Circuit, and the clerks of each of the U.S. District Courts and U.S. Bankruptcy Courts of this state with the address(es) listed for Respondent in the Indiana Supreme Court Roll of Attorneys.

In addition, the Clerk is further directed to send a copy of this order to Respondent by certified mail, return receipt requested, to the address(es) listed for Respondent in the Indiana Supreme Court Roll of Attorneys. Copies of the order are also to be sent to Linda Loepker, Executive Director of the State Board of Law Examiners; to the Supreme Court Administration Office; to Michael Witte, Executive Secretary of the Supreme Court Disciplinary Commission; to LexisNexis; and to Thomson/Reuters for publication in the bound volumes of this Court's decisions. The Clerk is also directed to post a copy of this order to the Supreme Court's website.

All Justices concur.